EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* DOROTEO CORTÉS, *alias* DEO, acusado y apelante.

Núm. 13968.—*Sometido:* Noviembre 7, 1949. *Resuelto:* Noviembre 14, 1949.

*Guillermo Bauzá,* abogado del apelante; *Hon. Procurador General Vicente Géigel Polanco, J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Fernando Fornaris, Jr., Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El apelante fué acusado de tener en su posesión ciertos objetos que podían y estaban siendo utilizados en el juego de bolita, en violación de la sección 4, Ley núm. 220, Leyes de Puerto Rico, 1948 ((1) pág. 739).(¹) Celebrado el juicio fué convicto y sentenciado a cumplir un año de cárcel. El primer señalamiento de error va dirigido contra la resolución de la corte de distrito desestimando la moción sobre supresión de evidencia.

██ La evidencia fué obtenida mediante el registro del local del acusado, autorizado por orden de allanamiento. La orden de allanamiento estaba basada en declaración jurada de un policía en la cual él hacía constar que había visto al acusado mientras bregaba en su casa con ciertos objetos que se utilizan para el juego de bolita. En vista de los términos de la declaración jurada, el acusado alegó que la orden de allanamiento estaba predicada en una declaración jurada en la cual se le imputaba administrar o explotar un juego de bolita en violación de la sección 10 de la Ley núm. 220, mientras que fué luego acusado por el delito diferente de tener en su posesión objetos de bolita bajo las disposiciones de la sección 4. Arguye entonces el acusado que los objetos obtenidos a tenor con una orden para ocupar evidencia de un delito no puede ser presentada en un juicio por delito distinto.

---

(¹) La sección 4 prescribe en parte como sigue:

''Toda persona que fuere sorprendida portando o conduciendo o que tuviere en su poder en cualquier concepto cualquier papeleta, billete, *ticket,* libreta, lista de números o letras, boletos o implementos que pudieren usarse para los juegos ilegales de la 'Bolita', 'Boli-pool', combinaciones relacionadas con los 'Pools' o bancas de los hipódromos de Puerto Rico y loterías clandestinas, y toda persona que poseyere, vendiere, o en cualquier forma transportare éstos o cualesquiera otros análogos que se pudieren utilizar o usar en dichos juegos ilícitos, o conectados con la práctica de los mismos, incurrirá en delito público . . . ''

No es necesario que entremos a considerar si esta contención sería válida (1) si los objetos ocupados no se describían en la orden de allanamiento o (2) si los delitos imputados en la declaración jurada y en la acusación no estaban relacionados entre sí, o (3) si los materiales ocupados eran objetos inocentes más bien que instrumentos de delito. *Cf. Marron* v. *United States,* 275 U. S. 192; *Annotation,* 169 A.L.R. 1419; Ramsey, *Acquisition of Evidence by Search and Seizure,* 47 Mich. L. Rev. 1137. Ninguna de estas situaciones ocurren aquí. Los objetos ocupados están de hecho descritos en la declaración jurada; las imputaciones de tener en posesión objetos del juego de bolita y la manipulación de dicho juego están incluídos en el mismo estatuto. y están enfocados hacia el mismo mal; y los objetos ocupados constituyen instrumentos de delito. La evidencia obtenida en el registro basado en una declaración jurada al efecto de que se está manipulando un juego de bolita era por lo tanto claramente admisible en un caso en que se imputa la posesión de tales materiales prohibidos. *Gouled* v. *United States,* 255 U. S. 298, 311–12; véase *Harris* v. *United States,* 331 U. S. 145, 154–55.

El segundo error señalado es que El Pueblo no probó una infracción a la sección 4. En el registro del local del acusado se descubrieron considerables materiales que, indudablemente, podían ser y estaban siendo utilizados en el juego de bolita. Sin embargo, la prueba demuestra que el registro se practicó después que los detectives notificaron el mandamiento a la esposa del acusado por estar éste ausente en aquel momento.

Bajo las circunstancias anteriores, el acusado alega que El Pueblo no probó su caso. Su teoría es que la acusación alegaba que el acusado infringió la sección 4 porque "fué *sorprendido* mientras . . . tenía en su poder y *manipulaba*" materiales relacionados con el juego de bolita. Arguye el

acusado que debe absolvérsele de este delito, por no haber sido él arrestado mientras tenía la posesión material o mientras "manipulaba" implementos de bolita.

Aparentemente, la teoría del acusado es que existe una incongruencia substancial entre la acusación y la prueba. No estamos de acuerdo. Indudablemente, a la luz de los hechos de este caso, la acusación no es un modelo de perfección. No era necesario alegar que el acusado fué "sorprendido" con estos materiales y que los "manipulaba". Sin embargo, existe el hecho de que la acusación también alega que el acusado estaba en posesión de los mismos, infringiendo la sección 4, y que en el registro efectuado en su local se descubrieron los mismos. El acusado no alegó sorpresa en cuanto a la modalidad del delito por el cual se le juzgaba ni solicitó la suspensión del juicio. Habiéndose establecido la posesión en violación de la sección 4, la alegación de que el acusado fuera sorprendido con estos materiales y que los "manipulaba", puede considerarse como una redundancia.

*La sentencia de la corte de distrito será confirmada.*